| | | |
|---|---|---|
| 4500 TRANSWAY ROAD, LLC | * | IN THE |
| 3300 Transway Road | | |
| Halethorpe, Maryland 21227 | * | CIRCUIT COURT |
| | | |
| Plaintiff | * | FOR |
| | | |
| v. | * | BALTIMORE COUNTY |
| | | |
| KERRY CANAVAN | * | C-03-CV-20-002283 |
| 14310 Carroll Ridge Court | | |
| Baldwin, MD 21013 | * | |
| | | |
| and | * | |
| | | |
| BONNIE CANAVAN | * | |
| 14310 Carroll Ridge Court | | |
| Baldwin, MD 21013 | * | |
| | | |
| and | * | |
| | | |
| FATEMAH ILKHAN | * | |
| 631 Jackson Hill St | | |
| Houston, TX 77007 | * | |
| | | |
| and | * | |
| | | |
| STATE OF MARYLAND | * | |
| Comptroller of Maryland | | |
| Goldstein Treasury Building | * | |
| 80 Calvert St., Annapolis, MD 21404 | | |
| | * | |
| Serve on: | | |
| Brian Frosh | * | |
| Attorney General of Maryland | | |
| 200 Saint Paul Place | * | |
| Baltimore, MD 21202 | | |
| | * | |
| and | | |
| | * | |
| INTERNAL REVENUE SERVICE | | |
| 1111 Constitution Avenue, NW | * | |
| Washington, DC 20224 | | |
| | * | |
| Serve on: | | |
| Robert K. Hur | * | |
| U.S. Attorney for District of MD | | |
| 36 S. Charles Street, 4th Fl. | * | |
| Baltimore, MD 21201 | | |

and                                                   *

                                                      *

Internal Revenue Service
1111 Constitution Avenue, NW                          *
Washington, DC 20224
                                                      *

and                                                   *

                                                      *

William P. Barr
Attorney General of the United States*
U.S. Department of Justice
950 Pennsylvania Avenue, NW                            *      CASE NO.: C-03-CV-20-002283
Washington, DC 20530-0001                                           _____
                                                      *

Defendants
                                                      *

*      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT AND NOTICE OF LIS PENDENS

4500 Transway Road, LLC, the plaintiff, by its undersigned counsel and pursuant to the

Maryland Rules of Procedure, hereby files this Complaint against Kerry Canavan, Bonnie

Canavan, Fatemah Ilkhan, the State of Maryland/Comptroller of Maryland, and the United

States/Internal Revenue Service (the "IRS"), the defendants, and as reason therefor states as

follows:

1.      The plaintiff, 4500 Transway Road, LLC, is an entity formed by Cockey's

Enterprises Inc., for the purpose of acquiring and holding a parcel of real estate.

2.      The property in question is a 5.1137 acre parcel of land located on Transway Road

in Baltimore County, Maryland, and is the same property as the one that was conveyed in a Deed

dated April 26, 2007 and recorded in the Land Records of Baltimore County at Liber 26722, Folio

357 (the "Property").

3.      The Property is currently owned by Kerry Canavan and Bonnie Canavan (the

"Canavans"), as tenants by the entireties, pursuant to the above referenced deed.

2

4. Upon information and belief, Kerry Canavan and Bonnie Canavan reside at 14310 Carroll Ridge Court, Baldwin, MD 21013.

5. The plaintiff entered into contract of sale, dated March 1, 2016, with the Canavans for purchase of the Property (the "Purchase Agreement"). The copy of the Purchase Agreement is attached hereto as **Exhibit "A."**

6. The Purchase Agreement provided for a purchase price of seven hundred eighty-seven thousand five hundred dollars and zero cents ($787,500.00). In exchange for the purchase price, the Canavans promised to deliver good and marketable title to the Property, free and clear of any liens or other encumbrances. *See* Ex. A, ¶ 5.

7. Pursuant to Maryland's doctrine of equitable conversion, the plaintiff obtained equitable title to the Property as of the date the Purchase Agreement was executed. *See, e.g., Washington Mut. Bank v. Homan,* 186 Md. App. 372, 382, 974 A.2d 376, 382 (2009).[1]

8. The Purchase Agreement provided that closing would occur on the earlier of two events: a) the month of February 2017, or b) 60 days from the date that the Seller provides notice (after the buyer's due diligence period) that it is ready, willing, and able to close on the sale.[2]

9. The plaintiff never received such notice from the Canavans.

10. On or about February 13, 2017, the plaintiff, through counsel, provided written notice of the requirement that the parties proceed to closing, and the Canavans' continuing need

---

[1] The doctrine creates a legal fiction, whereby the seller becomes a trustee of the Property (for the sake of the purchaser), and the purchaser becomes a trustee of the purchase price/funds. Subsequent judgments against the seller do not attach to the property. *See id.*

[2] The Purchase Agreement further provided that, following the due diligence period (and in the event that the contract was not terminated), the plaintiff had the right to take possession of and lease the Property. The plaintiff did, in fact, exercise that option, and has occupied the Property since that time.

to resolve all outstanding liens prior to closing.[3]  A copy of that letter is attached hereto as **Exhibit "B."**

11.     The Canavans represented that they would not be able to address the outstanding liens in sufficient time, and, as a result, the parties agreed to allow for additional time for the closing to occur.

12.     The parties agreed that closing would occur no later than June 30, 2017 (in addition to certain additional conditions, such as the plaintiff being able to occupy the Property rent free during this period).

13.     Despite this additional time, the plaintiff never received a notice that the outstanding liens had been resolved, and closing did not proceed, despite the fact that the plaintiff remained ready, willing, and able to complete the purchase.

14.     In fact, unbeknownst to the plaintiff, the defendant, rather than resolving all outstandingly liens, further encumbered the Property (and incurred additional tax debt, referenced below), in violation of the terms of the Purchase Agreement.

15.     Without any notice to the plaintiff, the Canavans executed a Deed of Trust dated April 29, 2016, burdening the Property, in favor of Fatemah Ilkhan, one of the defendants named herein.[4]  This Deed of Trust secured a debt of $130,000.00.  A copy this Deed of Trust (the "April 29, 2016 DOT") is attached hereto as **Exhibit "C."**

16.     The Canavans continued to be unable to resolve all outstanding liens burdening the Property following June 30, 2017.

---

[3] The Canavans had significant tax lien issues.  The plaintiff provided written notice to the Canavans, following execution of the Purchase Agreement, that all such issues must be resolved before closing.

[4] This Deed of Trust was executed after the Purchase Agreement.  The Canavan never disclosed the existence of this transaction, even as the parties negotiated an extension to provide time to resolve the other tax issues.

17.     The plaintiff remained ready, willing, and able to purchase the Property throughout this period. The plaintiff reiterated its desire to proceed to closing in written correspondence to the Canavans in early 2019, and again in the fall of 2019.

18.     Throughout this period, the Canavans (through various counsel) assured the plaintiff that they were working diligently to resolve the liens burdening the Property, and hoped to have that process completed shortly.

19.     Despite these ongoing assurances, the Canavans have never resolved the tax and other liens burdening the Property.[5]

20.     As of the filing of the Complaint, and upon information and belief, the following liens purportedly burden the Property:

- The April 26, 2016 DOT, in the face amount of $130,000.00;

- A 2015 federal tax lien in favor of the United States of America, in the principal amount of $449,919.06 (the "First IRS Tax Lien"), which was enrolled/recorded in Baltimore County in the case captioned as *United States Of America vs. Kerry C Canavan, Bonnie S Canavan*, Baltimore County Case No.: 03-L-15-004934;

- A 2015 state tax lien in favor of the State of Maryland, in the principal amount of $125,987.17 (the "Maryland Tax Lien"), which was enrolled/recorded in Baltimore County in the case captioned as *State of Maryland vs. Kerry C Canavan, Bonnie S Canavan*, Baltimore County Case No.: 03-L-15-011082; and

- A 2017 federal tax lien in favor of the United States of America, in the principal amount of $342,861.71 (the "Second IRS Tax Lien"), which was enrolled/recorded

---

[5] In early 2020, as part of an effort to compel the Canavans to proceed with the Sale, the plaintiff ordered a title report to bring current prior title report(s). It was at this point that the plaintiff discovered the existence of the April 29, 2016 DOT, as well as the additional 2017 federal and state tax liens referenced herein.

in Baltimore County in the case captioned as *United States Of America vs. Kerry C*

*Canavan, Bonnie S Canavan*, Baltimore County Case No.: 03-L-17-009251.

21.     As a result of these outstanding liens of record, the Canavans have not performed

under the Purchase Agreement and have not proceeded to closing as required.[6]

22.     The plaintiff now seeks specific performance of the Purchase Agreement, in order

to purchase the Property.

23.     Pursuant to the doctrine of equitable conversion, the plaintiff's interest in the

Property is superior to all of the above referenced liens/interests, with the exception of the First

IRS Tax Lien and the Maryland Tax Lien.  Because the Canavans no longer had any equitable

ownership of the Property at the time each such lien was purportedly created, such interests do not

burden the Property under Maryland law.

24.     The plaintiff requests that it be allowed to interplead the purchase price for the

Property into the Court, for the purpose of satisfying the First IRS Tax and Maryland Tax Lien,

the only liens which should rightfully burden the Property.[7]

25.     To the extent that there are funds remaining, the plaintiff requests that the Court

distribute the balance to the remaining defendants/purported lienholders (and/or the Canavans),

according the Court's equitable powers and based on any determination on the priority of the

defendants' interests.

---

[6] The plaintiff incorporates be reference the information required by 28 USC § 2410 for the federal tax liens (i.e., the identities of the taxpayers whose liability created the lien, identification of the IRS office which filed the notice, and the date and place such notice of lien was filed), all of which are included in the state court files referenced above.
[7] Pursuant to the Purchase Agreement (*see* Ex. A, ¶ 14(a)), all rental payments made by the plaintiff shall act as a credit against the purchase price.  As such, the amount interpled into Court should consist of the stated purchase price, less any rental payments made by the plaintiff.

26. Following any such distribution, the plaintiff requests that this Court enter an Order, transferring title to the Property from the Canavans to the plaintiff, free and clear of any and all outstanding liens and/or encumbrances.

## COUNT I – SPECIFIC PERFORMANCE

27. The plaintiff adopts and incorporates herein the allegations contained in Paragraphs 1 through 26, as if fully set forth herein.

28. The Purchase Agreement, as amended, constitutes a valid and enforceable contract between the plaintiff and the defendant.

29. The plaintiff has been, and continues to be, ready, willing, and able to perform the Purchase Agreement and complete the purchase of the Property.

30. Despite demand, the Canavans have failed to perform under the Purchase Agreement, and deliver clear and marketable title to the plaintiff.

31. Because of the unique nature of the Property, there is no adequate remedy at law for the failure of the Canavans to adhere to their contractual obligations.

32. In addition to lack of performance, the plaintiff has suffered consequential damages stemming from the Canavan's failure to proceed to closing, namely, the failure to satisfy the liens in existence at the time of execution of the Purchase Agreement (and, potentially, the purported imposition of additional liens on the Property, following the execution of the Purchase Agreement).

WHEREFORE, 4500 Transway Road, LLC, the plaintiff, hereby requests that this Court issue an Order:

A. Directing specific performance of the Purchase Agreement (i.e., the transfer of title to the Property to the plaintiff);

B.      Permitting the plaintiff to interplead the purchase price for the Property (called for in the Purchase Agreement) into the Court, for the purposes of satisfying the First IRS Tax and Maryland Tax Lien, the only liens which should rightfully burden the Property;

C.      To the extent that there are funds remaining, distributing the balance of the purchase price to the remaining defendants/purported lienholders (and/or to the Canavans), according the Court's equitable powers and based on any determination on the priority of the defendants' interests;

D.      Entering an Order, transferring title to the Property from the Canavans to the plaintiff, free and clear of any and all outstanding liens and/or encumbrances; and

E.      For such other relief as the Court considers necessary and proper.

## COUNT II – INTERPLEADER

33.     The plaintiff adopts and incorporates herein the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

34.     The plaintiff is ready, willing, and able to consummate the purchase of the Property pursuant to the terms of the Purchase Agreement, including, but not limited to, payment of the purchase price ($787,500.00).

35.     As a result of the existing liens burdening the Property, which are listed above, one or more of the purported lienholders (Fatemah Ilkhan, the State of Maryland/Comptroller, and/or the United States/IRS) may claim an entitlement to a portion the purchase price, in addition to the Canavans.

36.     As a result, the plaintiff requests an order of the Court, allowing it to interplead funds in the amount of the purchase price into Court, for disbursement as directed by the Court for the purpose of resolving the plaintiff's action for specific performance.[8]

37.     Specifically, as ancillary relief, the plaintiff requests that the Court direct that the interpled funds be used to satisfy the First IRS Tax and Maryland Tax Lien, the only liens which should rightfully burden the Property.

38.     To the extent that there are funds remaining, the plaintiff requests that the Court distribute the balance to the remaining defendants/purported lienholders (and/or the Canavans), according the Court's equitable powers and based on any determination on the priority of the defendants' interests.

WHEREFORE, 4500 Transway Road, LLC, the plaintiff, hereby requests that this Court issue an Order:

A.     Permitting the plaintiff to interplead the purchase price for the Property (called for in the Purchase Agreement) into the Court, for the purposes of satisfying the First IRS Tax and Maryland Tax Lien, the only liens which should rightfully burden the Property;

B.     To the extent that there are funds remaining, distributing the balance of the purchase price to the remaining defendants/purported lienholders (and/or to the Canavans), according the Court's equitable powers and based on any determination on the priority of the defendants' interests;

C.     Entering an Order, transferring title to the Property from the Canavans to the plaintiff, free and clear of any and all outstanding liens and/or encumbrances; and

D.     For such other relief as the Court considers necessary and proper.

---

[8] *See* immediately prior footnote.

## COUNT III – DECLARATORY JUDGMENT

39.     The plaintiff adopts and incorporates herein the allegations contained in Paragraphs 1 through 38, as if fully set forth herein.

40.     The Court has the authority to enter a declaratory judgment pursuant to MD. CODE ANN., Courts and Judicial Proceedings Article §§ 3-406 and 3-409.

41.     Pursuant to § 3-406, the parties' respective rights, with respect to the Property, under the Purchase Agreement, the April 26, 2016 DOT, and the various tax lien judgments referenced above, are uncertain, and a decree of the Court will serve to resolve any issues concerning the attachment of the purported liens and/or the priority of each parties' respective interest.

42.     Pursuant to § 3-409, an actual controversy exists between the parties regarding their respective ownership and security interests in the Property, involving adverse claims, and a decree of the Court will serve to terminate the controversy between the parties.

WHEREFORE, the plaintiff hereby requests that the Court declare that respective defendants' interest(s) in the Property, as set out above, deliver clear title to the Property to the plaintiff, and for such other relief as the Court considers necessary and proper.

　　　　　　　　　　　　/s/   James L. Shea, Jr.
　　　　　　　　　　　James L. Shea, Jr. (CPF # 0612130320)
　　　　　　　　　　　jshea@rmmr.com
　　　　　　　　　　　Royston, Mueller, McLean & Reid, LLP
　　　　　　　　　　　102 W. Pennsylvania Avenue, Suite 600
　　　　　　　　　　　Towson, Maryland 21204
　　　　　　　　　　　410-823-1800
　　　　　　　　　　　　　*Attorneys for the plaintiff*

## CERTIFICATE PURSUANT TO MD. RULE 20-201(f)(1)

I hereby certify that submission does not contain any restricted information, as that term is defined by Maryland Rule 20-101(s).

/s/   James L. Shea, Jr.
James L. Shea, Jr.  (CPF # 0612130320)

## REQUEST FOR ISSUANCE OF SUMMONS

I hereby request that the Clerk's Office issue and return to me a Writ of Summons for service on the defendant.

/s/   James L. Shea, Jr.
James L. Shea, Jr.  (CPF # 0612130320)